UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CARL E. WHITACRE, | : | Case No. 2:23-cv-3077 |
| Petitioner, | : | |
| vs. | : | District Judge James L. Graham |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| WARDEN, NOBLE CORRECTIONAL INSTITUTION, | : | |
| Respondent. | : | |

# REPORT AND RECOMMENDATION

On September 25, 2023, petitioner initiated this action by filing an unsigned, blank habeas corpus form. (*See* Doc. 1). After a Notice of Deficiency was issued (Doc. 3), the Court issued a Deficiency Order requiring petitioner to submit a completed and signed petition for habeas corpus specifying the conviction and sentence he wishes to challenge, his grounds for relief, and the specific relief sought within thirty (30) days. (Doc. 5). Petitioner was advised that the "failure to comply with the Order may result in the dismissal of this action for want of prosecution." (*Id.* at PageID 107).

Petitioner filed a response, which did not comply with the Deficiency Order. (*See* Doc. 7).

On February 15, 2024, the Court issued another Deficiency Order again ordering petitioner to submit a completed and signed petition for habeas corpus specifying the conviction and sentence he wishes to challenge, his grounds for relief, and the specific relief sought within thirty (30) days. (Doc. 8). Petitioner was again advised that failure to comply with the Order may result in the

dismissal of this action for want of prosecution. (*Id.* at PageID 122).

To date, more than thirty (30) days after the February 15, 2024 Deficiency Order, petitioner has failed to respond to or otherwise comply with the Order of the Court.

"District courts have the inherent power to sua sponte dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash* R.R., 370 U.S. 626, 630–631 (1962). Failure of a party to respond to an order of the Court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

Accordingly, this case should be dismissed for petitioner's failure to comply with the Court's February 15, 2024 Order. *In re Alea*, 286 F.3d 378, 382 (6th Cir. 2002).

It is therefore **RECOMMENDED** that this matter be **DISMISSED** for want of prosecution.

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such

portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

March 18, 2024

s/*Peter B. Silvain, Jr.*
Peter B. Silvain, Jr.
United States Magistrate Judge